## M. L. STEWART v. F. E. LONG.

**Vendor and Purchaser—Purchaser Relying on Own Judgment.**

> One who voluntarily makes an offer to purchase the interest of another in certain land, and the offer is accepted and a deed executed therefor, the purchaser has no recourse, where he relied on his own judgment and the matter was investigated by a person selected by him.

APPEAL FROM GRAVES CIRCUIT COURT.

January 12, 1874.

OPINION BY JUDGE PETERS:

It is shown by the evidence of Blount that he was called upon to measure the north line of lot No. 68 in Mayfield, and he did measure said line; he does not say who called upon him to do the work, but he does say that appellee and John Stewart were with him when he did it, and appellant was not with him; and it must be presumed that the two gentlemen who were with him, or one of them, called on him to run the line. He states where he commenced and that he ran along Water street so as to include an acre; he did not remember the precise length of the line, but he did recollect that the surplus in the lot, over an acre from the length of that line, would be between one-eighth and one-quarter of an acre, taking John Stewart's statement to be true as to the length of other lines.

Appellant was then sworn, and stated that a short time before the date of his deed to appellee, he came to appellant's house, several miles from town, and offered to purchase his interest in said lot; that he then told appellee that he did not know that he had any interest in it; Long told him he had an interest in it, and that Tobe Orr had bought his brother's, John M. Stewart's, interest, and he desired to buy appellant's interest; he then said to him if his brother John had an interest in the lot, he also had; appellee told him he had had the deeds examined and he had an interest; and that Judge Blount was of the opinion that he had an interest; that he declined then to sell to appellee, but told him he would be in town in a few days, and appellee asked him to give him the refusal to purchase before he sold to any one else; he promised him he would; that in a few days thereafter Orr came to his house and offered to purchase his interest in the lot and he declined to sell to him; and in a short time he went to town, and appellee named the subject to him again; he then told him he would sell his claim for $100, but would not warrant anything; that he would only sell him such claim as he had; appellee then agreed to his terms, and he executed to him the deed. He also stated he never claimed to have purchased but one acre from Gibson (his vendor).

John M. Stewart proves that appellee, Blount and himself, in the absence of appellant, measured the north line of the lot along Water street, and found it longer than the call in the deed, and longer than represented in the plan of the town; that in the deed the line on the west end is called 121 feet in length, but is 167 feet in the east end; that appellee has the ground inclosed up to and a little over the line; that he sold his interest in this surplus to Tobe Orr; and that after taking off an acre purchased by M. L. Stewart from Gibson, there would be a considerable surplus.

This is the substance of the parol evidence. By the terms of the deed from appellant to appellee, he only conveys his interest in lot "No. 68" not theretofore conveyed by him. Appellee lived on a part of the lot, had procured a man he relied on to ascertain whether appellant had an interest in the lot, and by his own investigation, aided by the man he must have selected himself, and after being thus satisfied, relying on his own judgment (for it is not alleged that appellant made any fraudulent representations, or concealed anything from him) he voluntarily made an offer which appellant accepted, and then made a deed to him in accordance with

their agreement which was also accepted, and put to record by appellee.

In our opinion the judgment was not authorized by the evidence, and a new trial should have been granted. Wherefore the judgment is reversed, and the cause remanded for a new trial and for further proceedings consistent herewith.

*Williams, for appellant.*

*Tice, for appellee.*